## AFFIDAVIT OF SPECIAL AGENT PETER SKUTNIK
## IN SUPPORT OF A CRIMINAL COMPLAINT

I, PETER SKUTNIK, state:

### *INTRODUCTION AND AGENT BACKGROUND*

1.       I am a Special Agent (SA) with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), currently assigned to the Office of the Special Agent in Charge (SAC), Boston, Massachusetts.   I am authorized to investigate crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code (USC).   I have been employed as a HSI Special Agent since June 2008.   I am a graduate of the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where I received training to become a federal agent; specifically, I received certification in the Criminal Investigator Training Program and the ICE Special Agent Training Program.   I received training relating to the trafficking in persons, including sex trafficking, and other offenses.

2.       I have participated in investigations of human trafficking, human smuggling, alien harboring, border violations, drug and firearm trafficking, and related offenses.   Many of these investigations have had national or international connections, and many required me to work closely and share information and intelligence with members of other law enforcement agencies, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Federal Bureau of Investigation ("FBI"), United States Drug Enforcement Administration ("DEA"), the Massachusetts State Police ("MSP"), Rhode Island State Police ("RISP"), the Police Departments of local communities including Boston and the United States Attorney's Office for the District of Massachusetts.   I have debriefed, and continue to debrief, defendants, informants, and witnesses who have personal knowledge about human trafficking, including sex trafficking, and other crimes

occurring in Massachusetts, nationally, and abroad.

3.     Based on my training and experience, I am aware that 18 U.S.C. §1591 makes it a federal offense for any person to knowingly recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person -- or benefit financially or by receiving anything of value from participating in a venture, which has engaged in said acts -- in or affecting interstate commerce, 1) knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, or any combination of such means will be used to cause the person to engage in a commercial sex act; or 2) knowing that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.   I am also aware that under 18 U.S.C. § 1591(c), if the defendant had "a reasonable opportunity to observe the person so recruited, enticed, transported, provided, obtained or maintained, the Government need not prove the defendant knew the person had not attained the age of 18 years."   I am aware that 18 U.S.C. §1594 makes it a federal offense to attempt to commit any violation of 1591.   I am further aware that pursuant to 18 U.S.C. §2423, it is a federal offense for a person to knowingly transport an individual who has not attained the age of 18 years in interstate commerce, with intent that such individual engage in prostitution.

### PURPOSE OF THE AFFIDAVIT

4.     I make this affidavit in support of a complaint charging that, on or about January 15, 2015, in Randolph, Massachusetts, and Providence, Rhode Island, and elsewhere, DEREK MIRANDA a/k/a "Dub," engaged in sex trafficking and attempted sex trafficking of minors, in violation of 18 U.S.C. §§1591 and 1594, and transported minors in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. §2423.

5.     The statements contained in this affidavit are based on my own investigation, my review of reports, information that I have received from a variety of other sources, including public

records, my analysis of reports prepared by other officers, and information provided to me by other

law enforcement officers. This affidavit is submitted for the limited purpose of establishing

probable cause to believe that DEREK MIRANDA a/k/a "Dub," engaged in sex trafficking of

minors, in violation of 18 U.S.C. §1591, attempted sex trafficking of minors, in violation of 18

U.S.C. §1594, and transportation of minors in interstate commerce for the purpose of prostitution,

in violation of 18 U.S.C. §2423. It therefore does not set forth all of the information that I and

other law enforcement personnel have obtained during the course of this investigation.

### *PROBABLE CAUSE*

6.     On or about January 15, 2015, DEREK MIRANDA a/k/a "Dub," transported three

minor females, born in 2000, 2000 and 1999, referred to herein as "Minors #1, #2, and #3,"

respectively, from Randolph, Massachusetts to 95 Cumerford Street, Providence, Rhode Island,

for the purpose of engaging in prostitution.

7.     On the evening of January 15, 2015, MIRANDA met up with Minors #1, #2, and #3

in Randolph, Massachusetts.[1]  MIRANDA and another adult female, hereinafter Jane Doe #1,

transported Minors #1, #2, and #3 by an Uber car to 95 Cumerford Street, Providence. At 95

Cumerford Street, they went into the third floor apartment.

8.     Inside the apartment, Minor #2 sent text messages to a friend, hereinafter Minor #4,

asking Minor #4 to pick up Minor #2, including messages which read, verbatim: "I wanna go," "I

wanna leaveeee," and "Don't send the cops frrr he'll kill all of us."[2]  In another message, Minor

---

1 MIRANDA knew all three minors previously.  He had been in a hotel room in Brockton, Massachusetts, with them
at one point the previous night and tried to have them engage in prostitution there.  According to Minor #3,
MIRANDA had "guys coming" and expected them to work.  When MIRANDA left the hotel room, all three minors
left because they did not want to remain to engage in prostitution.  The next day, they contacted MIRANDA again
because they felt that they had no place to go.  I have viewed surveillance from that hotel which shows the three
minors and MIRANDA separately leaving the same hotel room.

2 I have viewed screen shots of these text messages and the others referred to in this affidavit.

#4 asked "who u with."   Minor #2 texted, "[a nickname for Minor #1] some prostutuite [sic] and dub".

9.      Minor #2 also sent messages to Minor #4 about trying to get out of the apartment. Minor #4 texted Minor #2: "[Minor #2, how are u gona get out".   Minor #2 texted: "I'm gonna walk down the stairs", "I'm gonna tell him I'm not into this", and "I'm out".   I understand "this" to mean prostitution.   Minor #4 texted, "is it that easy?   U think hes gona let u".   Minor #2 texted "Yes he will", "I think", and "I hope".

10.      Late in the evening on January 15, 2015, members of the Providence Police Department responded to reports of female subjects being held against their will by a person named "Derek."[3]   Providence police officers arrived at 95 Cumerford Street and met Minor #2, who had left the apartment, in the company of the father of Minor #3.[4]   Officers saw that Minor #2 was visibly shaking and upset.   Minor #2 reported to police that she had been inside the third floor apartment minutes ago and that Minor #3, two other females [i.e., Minor #1 and Doe #1], and a black male named "Derek."

11.      At the same time, members of the Providence police attempted to make contact with the occupants of the third floor apartment.   After several attempts, police entered the apartment and encountered Minor #1,[5]   Minor #3, Jane Doe #1 and MIRANDA.   MIRANDA was arrested.

12.      After MIRANDA's arrest, Providence police separately interviewed Minors #1, #2, and #3.   According to the all three minors, while in the Providence apartment, MIRANDA spoke

---

3 There were also reports that Derek possessed a gun.   Police did not recover a gun from MIRANDA or from the apartment.

4 I believe that Minor #4 was in contact with Minor #2's father.

5 Minor #1 initially gave a false name to police.

to them about "making money" for him, which, based on previous conversations with MIRANDA, they understood to mean prostitution.   According to Minor #1, MIRANDA threatened to "slap the shit out of her" if she did not engage in prostitution.   According to Minor #2, MIRANDA threatened her and said that she did not know "discipline" yet.   According to Minor #3, MIRANDA said that she [Minor #3] did not have to do "this" if she did not want to.   I understand "this" to refer to prostitution.   Minors #1 and #2 reported that they did not feel free to leave the apartment.[6]

### CONCLUSION

13.     Based on the foregoing, I submit that there is probable cause to believe that, on or about January 15, 2015, DEREK MIRANDA a/k/a "Dub," engaged in sex trafficking and attempted sex trafficking of minors, in violation of 18 U.S.C. §§1591 and 1594, and transportation of minors in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. §2423.

Respectfully submitted,

PETER SKUTNIK
SPECIAL AGENT
HOMELAND SECURITY
INVESTIGATIONS

Subscribed and sworn to before me
on ___Februany 4, 2015__ .
    Date

JENNIFER C. BOAL
CHIEF UNITED STATES MAGISTRATE JUDGE

---

6 I am aware that Minors #1, #2 and #3 have been interviewed again.   I was present for those interviews and have listened to recordings of their original interviews with Providence police.   The subsequent interviews have included some statements inconsistent with their prior statements.   However, to my knowledge, they have not given any statements inconsistent with those included in this affidavit.